[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 10, 2007
THOMAS K. KAHN
CLERK

No. 06-12472
Non-Argument Calendar

_____

D. C. Docket No. 05-00139-CV-OC-10GRJ

JOSEPH HARDEN,

Petitioner-Appellant,

versus

STAN YATES,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 10, 2007)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Harden, a federal prisoner proceeding pro se, appeals the dismissal of

his petition for writ of habeas corpus filed under section 2241. In his petition, Harden argues that the sentencing court erred when it imposed a sentence greater than 20 years of imprisonment because the indictment failed to specify a drug quantity. The district court dismissed Harden's section 2241 petition with prejudice because Harden failed to qualify for the savings clause provision of section 2255. We affirm.

We review the denial of habeas relief de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). "Typically, a petitioner collaterally attacks the validity of his federal sentence by filing a petition under 28 U.S.C. § 2255. Under the savings clause of [section] 2255, a prisoner may file a [section] 2241 petition if an otherwise available remedy under [section] 2255 is inadequate or ineffective to test the legality of his detention." Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003) (citation omitted). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

The district court correctly dismissed Harden's section 2241 petition because Harden's claim is not based on a retroactively applicable Supreme Court decision. Harden argues that his sentence is fundamentally defective in the light of the

2

decision in <u>United States v. Cotton</u>, 535 U.S. 625, 122 S. Ct. 1781 (2002), and that <u>Cotton</u> is retroactively applicable, but this argument fails. <u>Cotton</u> did not establish an avenue of relief but explained the standard of review to be applied on appeal to an objection under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), that was not preserved in the district court. Harden's sentencing argument is actually based on <u>Apprendi</u>, which is not a retroactively applicable decision. <u>See</u> <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001).

The dismissal of Harden's petition under section 2241 is

**AFFIRMED.**

3